UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
ENES G. PLAKSTIS-BALSAMO, *pro se*, :
:
Plaintiff, :
: **MEMORANDUM & ORDER**
-against- : 13-CV-5419 (DLI)
:
COMMISSIONER OF SOCIAL SECURITY, :
:
Defendant. :
:
---------------------------------------------------------- x
**DORA L. IRIZARRY, U.S. District Judge:**

*Pro se* plaintiff Enes G. Plakstis-Balsamo (the "Plaintiff") filed the instant action against Defendant Acting Commissioner of Social Security (the "Defendant") seeking judicial review of the denial of retroactive old-age insurance benefits ("Retirement Benefits"), under Title II of the Social Security Act ("the Act"). Defendant moves for judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), seeking affirmance of the denial of retroactive retirement benefits. Plaintiff opposes the motion. For the reasons stated below, the Defendant's motion is granted and its' decision to deny retroactive retirement benefits is affirmed.

## BACKGROUND

Plaintiff was born on March 6, 1944. (Certified Administrative Record ("R.") 26, Dkt. Entry No. 19.) She began working in 1960 at the age of 16. (R. 122, 147.) In August 1965, she married her first husband; Edward A. Plakstis. (R. 19.) She continued to work until 1970 when she stopped working to raise a child. (R. 122, 147.) Plaintiff resumed work in 1984 until 1988 when she again stopped working, this time to raise her grandchildren. (R. 147.) In April 1989, Plaintiff and her first husband divorced. (R. 19.) From 1989 to 2007, Plaintiff reported the same address to the Internal Revenue Service ("IRS") on her income taxes. (R. 70-80.) In June 1990,

1

Plaintiff married her second husband Vito J. Balsamo. (R. 19.) Plaintiff resumed work in 1996 until she stopped working permanently in 2001 due to back and foot problems. (R. 20, 36, 174.) In January 2008, Plaintiff and her husband moved to a new residence and reported the new address to the IRS in a joint income tax return filed that year. (R. 87, 90.) In December 2008, the Social Security Administration ("SSA") sent a Personal Earnings and Benefit Estimate Statement[1] ("Earnings Statement") to Plaintiff's prior address. (Pl. Aff. at Ex. E; Dkt. Entry No. 16.)

On January 5, 2009, Plaintiff protectively filed an application for retirement benefits and Supplemental Security Income ("SSI"). (R. 13, 19-22, 89-90.) On January 22, 2009, Plaintiff applied for retirement benefits and SSI at an appointment with the SSA. (R. 13, 19-22, 89-90.) On January 29, 2009, the SSA notified Plaintiff that she was not eligible for SSI because she was under age 65 and neither blind nor disabled. (R. 28-31, repeated at R. 94-97.) However, in notices dated January 27, 2009 and February 3, 2009, the SSA informed Plaintiff that she was entitled to monthly retirement benefits beginning January 2009 and Medicare coverage beginning March 2009 because Plaintiff turned age 65 on March 6, 2009. (R. 19, 23-27 (repeated at R. 91-93), 98-99.) The notices also stated that Plaintiff could have started receiving reduced retirement benefits at age 62.

After receiving the notice, Plaintiff filed a request for reconsideration stating that she never received an Earnings Statement[2] and, therefore, did not know until she filed applications for retirement benefits and SSI in January 2009 that she could have received reduced retirement

---

[1] A "Personal Earnings and Benefit Estimate Statement" is based on an individual's reported and projected earnings and sent to a wage-earner annually three months prior to her birthday and/or can be requested at any time. *See* 20 C.F.R. § 404.633(e)(2).

[2] The statement referred to by the Plaintiff is known as the "Personal Earnings and Benefit Estimate Statement." *See* 20 C.F.R. § 404.633(e)(2).

benefits starting at age 62.[3] (R. 32-37.) Plaintiff requested the SSA to retroactively pay her for the benefits she would have received between her 62nd birthday in March 2006 and her retirement benefits filing date of January 5, 2009. (R. 37; *see* 64-67.) Plaintiff's request for reconsideration was denied in a notice dated May 22, 2010. (R. 39-43.)

In June 2010, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ")[4]. (R. 44; *see* R. 45-59; *see also* R. 13.) In documentation submitted and made part of the record before the ALJ, Plaintiff stated that she never received annual earnings statements, and that the SSA never informed her of the possibility of receiving retirement benefits at age 62 when she inquired at the SSA about her husband's benefits. (R. 60-63, 68-69.) Plaintiff again requested the SSA award her $ 13,273.20 in retroactive retirement benefits. (R. 14.)

On July 26, 2011, Plaintiff appeared *pro se* and testified at a hearing before ALJ David Z. Nisnewitz[5]. (R. 128-76.) At the hearing, she testified that she contacted the SSA on January 5, 2009 to make an appointment to apply for retirement benefits through her husband's earnings record. (R. 140.) Prior to her contact with the SSA on January 5, 2009, Plaintiff said that she had called the SSA several times to ask about getting benefits through her first husband's earnings records. (R. 141, 144, 146-48, 156-57.) She stated that during the phone calls she was never told about her own entitlement to reduced retirement benefits at age 62. (R. 141, 144, 146, 156-57.) Plaintiff testified that she could not provide detailed information (dates or names)

---

[3] After her initial request for reconsideration could not be located, Plaintiff filed a second request for reconsideration making the same argument and was given a protective filing date of February 3, 2009. (R. 34-36.)

[4] On May 19, 2011, Plaintiff received a notice explaining the ALJ hearing process. (R. 45-51.) On July 5, 2011 she received a notice of hearing. (R. 52-57.) The SSA procedures used to process Plaintiff's request for ALJ hearing, do not qualify as misinformation within the meaning of the Act and the Commissioner's regulations. *See* 42 U.S.C. § 402(j)(5); 20 C.F.R. § 404.633.

[5] ALJ Nisnewitz swore in Plaintiff after she began her testimony. (R. 145.) Although Plaintiff cites this as a reason to deny Defendant's motion, that small defect is not relevant to the Court's legal analysis. Therefore, the Court need not address this argument. (R. 15.)

regarding the phone calls to SSA. (R. 157.) Then, on January 22, 2009, Plaintiff attended her application at the SSA office where she was told she could not get benefits through her current husband's record, but that she had enough earnings to get benefits through her own earning record at age 62. (R. 141-42; *see* R. 144, 147.) Although Plaintiff initially stated that she never received an earnings statement from the SSA she later testified at the hearing that she received one in December 2008. (R. 132, 136, 138, 140-44, 146, 148, 150, 169, 172-73.)

On February 16, 2012, the ALJ issued a decision finding that Plaintiff was not entitled to retirement benefits from age 62 to her retirement benefits application date of January 2009. (R. 15.) The ALJ found that the SSA had not provided Plaintiff with any misinformation, which would have enabled her to receive benefits from an earlier filing date. (R. 13-18.) Plaintiff filed a request for review of the ALJ's decision. (R. 104-05; *see* R. 120-26.) Although Plaintiff submitted additional documents to the Appeals Council,[6] it determined that this evidence did not provide a basis for changing the ALJ's decision. (R. 107-27; *see* R. 7; 4-5.) On August 8, 2013, the ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (R. 4-7.) Plaintiff filed the instant action on September 30, 2013 seeking judicial review of the denial of retroactive retirement benefits pursuant to 42 U.S.C. § 405(g) and 1383(c)(3). (See Complaint ("Compl."), Dkt. Entry No. 1.)

---

[6] Plaintiff received a notice concerning the class action *Padro et al. v. Astrue*. (R. 107-11.) The *Padro* case has no bearing on this case because Plaintiff is not a member of the class of people whose claims for disability were denied or partially denied by particular ALJ's that were "generally biased" against people applying for Social Security disability benefits. (R.108.) Plaintiff's claim is for retirement benefits and is not for disability benefits. Furthermore, ALJ Nisnewitz was not named as a defendant in the *Padro* class action. *See Padro v. Astrue*, 11-CV-1788, 2013 WL 5719076 (E.D.N.Y. Oct. 18, 2013). The Defendant Commissioner expressly denies any wrongdoing. (*Id.*)

# DISCUSSION

## I. Standard of Review

Unsuccessful claimants for retirement benefits under the Act may bring an action in federal district court seeking judicial review of the Commissioner's denial of their benefits "within sixty days after the mailing . . . of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. §§ 405 (g), 1383(c)(3). A district court, reviewing the final determination of the Commissioner, must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1996). The former determination requires the court to ask whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the Act." *Echevarria v. Sec'y of Health & Human Servs.*, 685 F.2d 751, 755 (2d Cir. 1982) (internal quotations omitted). The latter determination requires the court to ask whether the decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

The district court is empowered "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of the Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand by the court for further proceedings is appropriate when "the Commissioner has failed to provide a full and fair hearing, to make explicit findings, or to have correctly applied . . . the regulations." *Manago v. Barnhart*, 321 F. Supp. 2d 559, 568 (E.D.N.Y. 2004). A remand to the Commissioner is also appropriate "[w]here there are gaps in the administrative record." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999) (quoting *Sobolewski v. Apfel*, 985 F. Supp. 300, 314

(E.D.N.Y. 1997)). ALJ's, unlike judges, have a duty to "affirmatively develop the record in light of the essentially non-adversarial nature of the benefits proceedings." *Tejada v. Apfel*, 167 F. 3d 770, 774 (2d Cir. 1999).

*Pro se* pleadings are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's *pro se* pleadings liberally and interpret them raising the strongest arguments they suggests. *See Erickson v. Pardus*, 551 U.S. 89 (2007); *Huges v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Petitioner v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

## II. Retirement Benefits Claims

Retirement benefits under Title II are payable to an individual who is (1) fully insured; (2) has attained age 62; and (3) has filed an application for retirement benefits. *See* 42 U.S.C. § 402(a); 20 C.F.R. § 404.310. Full retirement age is the age at which an applicant may receive unreduced benefits. 20 C.F.R. § 404.409(a). Full retirement age has historically been 65, but gradually is being raised to age 67. *Id.* However, individuals can elect to apply for and receive retirement benefits as early as age 62. 20 C.F.R. § 404.409(c). Their benefits will be reduced as explained in 20 C.F.R § 404.410.[7]

The Act states that no individual shall be entitled to a monthly benefit for any month prior to the month in which the application for such benefits is filed. 42 U.S.C. § 402(j)(4). The Commissioner's regulations state that an individual must file an application to qualify for retirement benefits. 20 C.F.R. § 404.603. An applicant can be found to have an earlier deemed application date when it is determined to the satisfaction of the Commissioner that she failed to

---

[7] Given that Plaintiff was born in 1944, her full retirement age was 66 (March 6, 2010). (*See* R. 64-65.) Based on the January 2009 application, she was awarded $450.80 per month in partially reduced retirement benefits. (*See* R. 64; *see also* R. 13.) If she had applied for benefits in March 2006 when she turned sixty-two, Plaintiff would have been eligible for only $368.70 per month. (*See* R. 65.)

6

apply for monthly insurance benefits by reason of misinformation provided by any officer or employee of the SSA. 42 U.S.C. § 402(j)(5). If the applicant makes this showing, she shall be deemed to have applied for such benefits either on the date on which such misinformation was provided or the date on which she met all requirements for entitlements to such benefits, whichever is later. 42 U.S.C. § 402(j)(5)(A)-(B).

The Commissioner's regulations describe how an applicant can establish an earlier deemed filing date by reason of misinformation. *See* 20 C.F.R. § 404.633(c)(2). "Misinformation is information which the [SSA] considers to be incorrect, misleading, or incomplete in the view of the facts which the [applicant] gave to the employee, or of which the employee was aware or should have been aware, regarding [the applicant's] particular circumstances . . . ." 20 C.F.R. § 404.633(c)(2). Furthermore, "[t]he misinformation must have been provided to [the applicant] in response to a specific request by [the applicant] to [the SSA] for information about [the applicant's] eligibility for benefits . . . for which [the applicant was] considering filing an application." 20 C.F.R. § 404.633 (c)(4).

The Commissioner's regulations identify the evidence that will be considered in making a determination of misrepresentation. 20 C.F.R. § 404.633(d)(1)&(2). "Preferred evidence" is written evidence that relates directly to the inquiry about eligibility for benefits or the eligibility of another person and which shows that the SSA gave misinformation that caused the individual not to file an application. 20 C.F.R. § 4040.633(d)(1). Preferred evidence includes, but is not limited to, a notice, letter, or other document issued by the SSA and addressed to the individual, or the SSA record of a telephone call, letter, or in-person contact. 20 C.F.R. § 404.633(d)(1)(i)&(ii). In the absence of preferred evidence, the SSA will consider other evidence, including the individual's statements about the alleged misinformation that caused the

7

individual not to file an application. 20 C.F.R. § 404.633(d)(2). However, the SSA will not find that misinformation was given by the agency based solely on the individual's statements, and other evidence must support those statements. *Id.* The SSA also will consider the following: (1) statements from the accusing individual including: specific details such as the date and time of the alleged contacts(s), how the contact was made (e.g. by telephone or in person), the reason(s) the contact was made, who gave the misinformation, the questions the individual asked and the facts she provided, and the questions agency employees asked and the information given at the time of the contact; (2) statements from others who were present when the alleged misinformation was given (*e.g.*, a neighbor who accompanied the individual to the SSA office); and (3) statements and recollections of the SSA employee (if identifiable). 20 C.F.R. § 404.633(d)(2)(i)-(iii).

### III. ALJ's Decision

On February 16, 2012, the ALJ issued a decision concluding that Plaintiff was not eligible for retroactive retirement benefits from March 2006, when she turned age 62, through her application date of January 2009. (R. 18.) The ALJ stated that, in January 2009, Plaintiff filed an application for SSA retirement benefits and these were granted. (R. 13, 17.) The ALJ followed closely the procedures in the Act and the Commissioner's regulations to determine whether Plaintiff was eligible for an earlier application date due to misinformation provided by an officer or employee of the SSA. (R. 15.) The ALJ found that Plaintiff was not provided misinformation in her contact with SSA officers or employees in 1997, on January 5, 2009, or on January, 22, 2009. (R. 16-17.) Additionally, based on Plaintiff's own testimony and the SSA's records, the ALJ determined that the Plaintiff is not entitled to benefits prior to the January 2009 application date because the SSA did not provide her with misinformation at any time. (R. 17.)

8

This included Plaintiff's claim that she did not receive earning statements until December 2008 because those earning statements, even if she had received them, did not contain misinformation. The ALJ concluded that the earliest possible month that the Plaintiff could be entitled to retirement benefits was January 2009. (R.18.)

IV. **Application**

The Commissioner moves for judgment on the pleadings, seeking affirmance of the denial of Plaintiff's retroactive retirement benefits, on the grounds that the factual findings are supported by substantial evidence and that the correct legal standards were applied. (*See generally* Mem. of Law in Supp. of Def.'s Mot. for J. on the Pleadings at 1 ("Def. Mem."); Reply Mem. of Law in Further Supp. of Def.'s Mot. for J. on the Pleadings ("Def. Reply Mem."), Dkt. Entry No. 19; Dkt. Entry No. 21.) Plaintiff opposes the motion contending that the ALJ erred by failing to develop the record regarding misinformation she received from the SSA in a 1997 telephone call with the SSA and when her earnings statements were sent to the wrong address. (*See generally* Pl. Aff. at 2-4.)

Based upon the record of this matter, the Court finds that the claimant has had a full hearing and, in accordance with the beneficent purposes of the Act, the correct legal standards were applied. Additionally, substantial evidence supported the ALJ's decision to deny retroactive retirement benefits and to determine that the SSA did not misinform Plaintiff. Accordingly, the Commissioner's motion for judgment on the pleadings is granted as explained in detail below.

A. **SSA Telephone calls and Appointments**

In the July 26, 2011 hearing, Plaintiff reported that she had received misinformation in 1997 when a SSA representative did not discuss Plaintiff's eligibility for receiving benefits under

her own employment record, and did not ask whether the Plaintiff had been receiving earnings statements. (R. 16.) Plaintiff stated that she had contacted the SSA to determine the effect of her remarriage on receiving retirement benefits under her deceased husband's employment record. (*Id.*) The ALJ specifically noted that, during this conversation, Plaintiff did not inquire about her eligibility for receiving retirement benefits based on her own employment record nor did she request her earnings statements. (R. 16.) In addition, he found that, under section 404.633(c), this information would not be deemed additional information that an SSA employee would be required to provide in response to Plaintiff's inquiry about applying for benefits under her deceased husband's employment record. (*Id.*) There is no testimony or other evidence in the record that indicates Plaintiff contacted the SSA in 1997 to request information about her eligibility for benefits under her employment record. In light of the evidence, the SSA did not provide Plaintiff with incorrect, misleading, or incomplete information constituting misinformation during that conversation.

Additionally, the only evidence supporting Plaintiff's claims were her own statements. Plaintiff could not provide specific details or statements from other persons present at this conversation to support her individual statements that the SSA provided her with misinformation. The Court cannot find that the SSA provided misinformation based solely on Plaintiff's statements. Therefore, the ALJ correctly concluded that Plaintiff is entitled to retirement benefits from January 5, 2009 only, the date in which her application for Social Security Benefits is deemed protectively filed. (R. 18.)

### B. Earnings Statements

The Commissioner's regulations state that general informational pamphlets, general information disseminated by the media, and "the Personal Earnings and Benefits Estimate

Statement that is based on an individual's reported and projected earnings" are not satisfactory proof that the SSA provided misinformation. 20 C.F.R. § 404.633(e). The ALJ correctly noted that "the [earnings] statement may be considered along with additional evidence regarding misinformation provided by an employee; however, the statement alone, and likewise the lack of such a statement, cannot qualify as misinformation under section 404.633(e)(2)." (R. 17.) Plaintiff does not provide evidence to support her claim that she did not apply for retirement benefits at age 62 because she did not receive an earnings statement until December 2008[8]. Plaintiff's earnings statement was an estimate, which could have been requested at any time prior to December 2008. The lack of receipt of such a statement does not qualify as misinformation under the Act.

Additionally, Plaintiff's claim that she did not know that she could request an earnings statement is not sufficient to establish an earlier filing date as a "lack of knowledge about the rules concerning the receipt of benefits is not sufficient to establish an earlier filing date." *Bennerman v. Commissioner of Soc. Sec.*, 11-CV-6384, 2013 WL 6796351, at *4 n.3 (E.D.N.Y. Dec. 23, 2013). Therefore, the ALJ again concluded correctly that Plaintiff is entitled to retirement benefits from January 5, 2009 only.

---

[8] Plaintiff submitted to the Appeals Council, a one-page document from an SSA informational pamphlet that mentioned the Personal Earnings and Benefit Estimate Statement and highlighted the section that read as follows: "Each year we will send you a Social Security Statement showing your earnings history and an estimate of the retirement, disability and survivor's benefits you and your family may receive based on those earnings." (R. 118.) This document is not evidence of misinformation pursuant to section 404.633(e)(1). 20 C.F.R. § 404.633(e)(1). Plaintiff also submitted to the Appeals Council a September 30, 1999 SSA Press Office news release entitled "Social Security Begins Issuing Annual Statements to 125 Million Workers." (R. 112-13.) This document also is not evidence of misinformation pursuant to section 404.633(c)(4).

## CONCLUSION

For the reasons set forth above, the Commissioner's motion is granted and this appeal is dismissed.

SO ORDERED.


Dated: Brooklyn, New York
      July 29, 2015

/s/
DORA L. IRIZARRY
United States District Judge